UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BACARDI & COMPANY LIMITED, and BACARDI U.S.A., INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. DEPARTMENT OF THE TREASURY and its Office of Foreign Assets Control,<br><br>*Defendants*. | Civil Action No. 17-1828 (CKK) |

**DECLARATION OF MICHAEL C. LYNCH**

I, Michael C. Lynch, declare as follows:

1. I am a member of the New York State Bar and was admitted *pro hac vice* in this action on October 24, 2017. I am a partner with the law firm of Kelley Drye & Warren LLP. I submit this declaration on behalf of Plaintiffs Bacardi & Company Limited and Bacardi U.S.A., Inc. ("Bacardi") in opposition to Defendants' motion for summary judgment and in support of Bacardi's cross-motion for summary judgment.

2. I have personal knowledge of the matters set forth herein based on my review of the cited documents.

**Bacardi's Objections to Defendants' Vaughn Index**

3. Attached hereto as **Exhibit 1** is a true and correct copy of Bacardi's objections to Defendants' *Vaughn* Index, reflected in chart form. The following key corresponds to each of the numerical objections described in Exhibit 1:

4826-5880-6980

| BACARDI'S *VAUGHN* INDEX OBJECTIONS: EXHIBIT 1 KEY | | |
|---|---|---|
| Objection No. | Explanation | Corresponding Pages in Bacardi's Brief |
| 1. | Failure to demonstrate that the agency(ies) cannot segregate the factual material that is exempt from disclosure pursuant to Exemption 5 and failure to state whether the document contains factual material. | Pg. 24-28 |
| 2. | Failure to explain how the document is pre-decisional or deliberative, or what deliberative process is involved, pursuant to Exemption 5. | Pg. 7-14 |
| 3. | Failure to demonstrate whether the talking points or draft documents were adopted, formally or informally, as the agency position on an issue or used by the agency in its dealings with the public which would not require protection by Exemption 5. | Pg. 11-12; 13-14 |
| 4. | Failure to establish that the document is protected by the attorney work product privilege pursuant to Exemption 5 because it does not state with whom the documents were shared or who prepared the document. | Pg. 14-17 |
| 5. | Failure to establish that the document is protected by the attorney work product privilege pursuant to Exemption 5 because it does not address whether it was prepared in the context of a particular or contemplated litigation. | Pg. 14-17 |
| 6. | Failure to establish that document is protected by attorney-client privilege pursuant to Exemption 5 because it does not identify the source and recipient of the communications. | Pg. 14-17 |
| 7. | Failure to establish that the document is protected by Exemption 6 because there is no private or personal interest in the names of employees acting in their official capacities as representatives of the federal government. | Pg. 18-21 |
| 8. | Failure to establish that the document is protected by Exemption 4 because there is no explanation regarding whether the party receiving the information provided assurances that it would remain secret. | Pg. 22-24 |
| 9. | Failure to establish that the document relates to presidential decision-making pursuant to Exemption 5. | Pg. 17-18 |

4. <u>Objection 1</u>: As explained in additional detail in the accompanying memorandum in opposition to Defendants' motion for summary judgment and in support of Bacardi's cross motion,

Defendants have not carried their burden of demonstrating that no reasonably segregable information exists within the withheld and redacted documents. *See* Document Nos. 11, 18, 19, 22, 32, 33, 35, 38, 44, 52, 53, 56, 57, 59, 61, 62, 63, 64, 65, 66, 67, 70, 72, 73, 77, 79, 80, 84, 87, 90, 98, 101, 103, 105, 114, 115, 117, 120, 138, 146, 148, 155, 156, 166, 170, 175, 181, 200, 242, 244, 246, 249, 253, 254, 264, 265, 268, 275, 277, 279, 283, 287, 289, 291, 294, 295, 299, 301, 302, 304, 305, 306, 324, 338, 339, 341, 345, 350, 354, 358, 360, 365, 369, 371, 375, 394, 395, 396, 401, 403, 412, 414, 417, 418, 419, 422, 423, 426, 428, 440, 444, 445, 446, 447, 452, 453, 457, 459, 460, 473, 474, 475, 481, 483, 485, 487, 489, 490, 491, 492, 496, 497, 498, 499, 500, 501, 502, 506, 507, 508, 509, 510, 515, 516, 521, 522, 523, 526, 529, 530, 531, 532, 534, 538, 539, 542, 546, 547, 548, 549, 550, 551, 552, 553, 554, 558, 563.

5. <u>Objection 2</u>: Defendants fail to establish the deliberative process privilege (Exemption 5) because they fail to identify a particular decision or policy being deliberated for each withheld document and fail to provide sufficient information regarding the deliberative process. *See* Document Nos. 11, 18, 19, 22, 32, 33, 38, 47, 52, 59, 61, 67, 77, 79, 80, 84, 87, 90, 91, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 112, 117, 120, 121, 123, 124, 125, 126, 131, 138, 155, 156, 166, 191, 193, 195, 196, 198, 199, 200, 211, 212, 214, 244, 246, 253, 254, 264, 265, 268, 275, 277, 283, 287, 289, 291, 294, 324, 338, 339, 341, 345, 350, 360, 361, 365, 369, 371, 414, 417, 418, 428, 437, 444, 445, 453, 459, 460, 473, 474, 475, 481, 483, 485, 487, 489, 491, 492, 496, 497, 498, 499, 500, 501, 502, 506, 507, 508, 509, 510, 515, 522, 538, 558, 563.

6. <u>Objection 2</u>: Defendants fail to establish the deliberative process privilege (Exemption 5) because they redact or withhold documents that appear to be post-decisional and do not meet the deliberative process test. *See* Document Nos. 11, 23, 25, 72, 73, 74, 303, 350, 371, 377, 386, 422, 469.

7. <u>Objection 2</u>: Defendants fail to establish the deliberative process privilege (Exemption 5) because some descriptions of the redacted or withheld documents are opaque and fail to allege or demonstrate either factor of the predecisional and deliberative test. *See* Document Nos. 19, 22, 25, 44, 46, 52, 53, 56, 57, 59, 61, 62, 63, 64, 65, 66, 84, 87, 98, 99, 100, 101, 114, 115, 116, 117, 118, 119, 120, 121, 125, 126, 131, 138, 155, 156, 166, 244, 246, 253, 268, 275, 277, 283, 287, 289, 294, 295, 299, 301, 304, 305, 306, 324, 345, 350, 354, 358, 365, 394, 414, 417, 419, 422, 423, 428, 437, 439, 440, 444, 445, 446, 447, 452, 473, 474, 475, 481, 483, 489, 490, 491, 496, 497, 498, 499, 500, 501, 502, 506, 507, 508, 509, 510, 516, 521, 523, 526, 529, 530, 531, 532, 534, 539, 542, 558.

8. <u>Objection 3</u>: Defendants fail to establish the deliberative process privilege (Exemption 5) because they do not indicate whether the draft document was adopted formally or informally as the agency position on an issue. *See* Document Nos. 11, 18, 19, 22, 25, 32, 33, 38, 47, 48, 52, 59, 61, 67, 70, 77, 79, 80, 98, 101, 103, 105, 117, 120, 126, 138, 146, 148, 166, 170, 175, 242, 265, 268, 279, 283, 289, 294, 302, 303, 324, 338, 339, 341, 345, 350, 359, 360, 365, 375, 394, 395, 396, 401, 403, 412, 426, 445, 457, 469, 481, 491, 492, 498, 500, 509, 510, 515, 521, 529, 530, 531, 532, 538, 546, 547, 548, 549, 550, 551, 552, 553, 554.

9. <u>Objection 3</u>: Defendants fail to establish the deliberative process privilege (Exemption 5) because Defendants do not provide sufficient details regarding "talking points" that are withheld such that Bacardi or the Court could assess whether they are truly predecisional and deliberative. *See* Document Nos. 11, 25, 32, 33, 35, 38, 70, 77, 79, 80, 98, 101, 103, 105, 302, 350, 422, 440, 481.

10. <u>Objections 4, 5</u>: Defendants fail to establish the attorney work product privilege (Exemption 5) because Defendants do not address whether it was prepared in the context of a particular or contemplated litigations and do not identify the source and recipient of the communications. *See* Document Nos. 93, 94, 96, 97, 99, 100, 112, 296, 297, 435, 517, 527, 528.

11.     Objection 6: Defendants fail to establish the attorney-client communications privilege (Exemption 5) because Defendants do not identify the source and recipient of the communications. *See* Document Nos. 20, 47, 48, 65, 66, 72, 73, 91, 96, 102, 104, 106, 107, 114, 115, 116, 118, 119, 123, 131, 157, 160, 175, 191, 193, 195, 196, 197, 198, 199, 211, 214, 253, 254, 296, 297, 321, 337, 338, 341, 369, 435, 515, 524, 525, 527, 528.

12.     Objection 7: Defendants fail to establish the applicability of Exemption 6 because the government employees were working in their official capacities as representatives of the federal government and Defendants fail to demonstrate that the presumption in favor of disclosure is outweighed by privacy interests. *See* Document Nos. 19, 20, 23, 44, 46, 47, 48, 63, 65, 66, 72, 73, 74, 91, 93, 94, 97, 99, 100, 102, 104, 106, 107, 112, 114, 115, 116, 118, 119, 121, 123, 124, 125, 126, 131, 155, 156, 160, 181, 191, 193, 195, 196, 197, 198, 199, 200, 211, 212, 214, 242, 244, 246, 249, 253, 254, 268, 337, 350, 359, 361, 369, 371, 376, 377, 383, 386, 394, 422, 428, 447, 558, 559, 563, 565, 591, 592, 619.

13.     Objection 8: Defendants fail to establish the applicability of Exemption 4 because Defendants do not explain whether OFAC provided assurances that the provided information would remain secret. *See* Document Nos. 587, 588, 589, 593, 594, 595, 596, 597, 598, 599, 600, 601, 605, 606, 607, 609, 613, 615, 616, 619, 626, 627, 628.

14.     Objection 9: Defendants fail to establish the presidential communications privilege (Exemption 5) over Document Nos. 453 and 459 because they do not explain whether the two documents relate to presidential decisionmaking.

15.     Attached hereto as **Exhibit 2** is a true and correct copy of Document 65 reflected in row 65 of Defendants' Vaughn Index (ECF No. 60-6) and produced by Defendants in response to Plaintiffs' FOIA Request.

5

16. Attached hereto as **Exhibit 3** is a true and correct copy of Document 66 reflected in row 66 of Defendants' Vaughn Index (ECF No. 60-6) and produced by Defendants in response to Plaintiffs' FOIA Request.

17. Attached hereto as **Exhibit 4** is a true and correct copy of Document 114 reflected in row 114 of Defendants' Vaughn Index (ECF No. 60-6) and produced by Defendants in response to Plaintiffs' FOIA Request.

18. Attached hereto as **Exhibit 5** is a true and correct copy of Document 115 reflected in row 115 of Defendants' Vaughn Index (ECF No. 60-6) and produced by Defendants in response to Plaintiffs' FOIA Request.

19. Attached hereto as **Exhibit 6** is a true and correct copy of Document 246 reflected in row 246 of Defendants' Vaughn Index (ECF No. 60-6) and produced by Defendants in response to Plaintiffs' FOIA Request.

20. Attached hereto as **Exhibit 7** is a true and correct copy of Document 179 reflected in row 179 of Defendants' Vaughn Index (ECF No. 60-6) and produced by Defendants in response to Plaintiffs' FOIA Request.

21. Attached hereto as **Exhibit 8** is a true and correct copy of Document 131 reflected in row 131 of Defendants' Vaughn Index (ECF No. 60-6) and produced by Defendants in response to Plaintiffs' FOIA Request.

22. Attached hereto as **Exhibit 9** is a true and correct copy of Document 350 reflected in row 350 of Defendants' Vaughn Index (ECF No. 60-6) and produced by Defendants in response to Plaintiffs' FOIA Request.

23. Attached hereto as **Exhibit 10** is a true and correct copy of Document 394 reflected in row 394 of Defendants' Vaughn Index (ECF No. 60-6) and produced by Defendants in response to Plaintiffs' FOIA Request.

24. Attached hereto as **Exhibit 11** is a true and correct copy of Document 558 reflected in row 558 of Defendants' Vaughn Index (ECF No. 60-6) and produced by Defendants in response to Plaintiffs' FOIA Request.

25. Attached hereto as **Exhibit 12** is a true and correct copy of Document 605 reflected in row 605 of Defendants' Vaughn Index (ECF No. 60-6) and produced by Defendants in response to Plaintiffs' FOIA Request.

26. Attached hereto as **Exhibit 13** is a true and correct copy of Document 607 reflected in row 607 of Defendants' Vaughn Index (ECF No. 60-6) and produced by Defendants in response to Plaintiffs' FOIA Request.

27. Attached hereto as **Exhibit 14** is a true and correct copy of Document 609 reflected in row 609 of Defendants' Vaughn Index (ECF No. 60-6) and produced by Defendants in response to Plaintiffs' FOIA Request.

28. Attached hereto as **Exhibit 15** is a true and correct copy of Document 613 reflected in row 613 of Defendants' Vaughn Index (ECF No. 60-6) and produced by Defendants in response to Plaintiffs' FOIA Request.

29. Attached hereto as **Exhibit 16** is a true and correct copy of Document 615 reflected in row 615 of Defendants' Vaughn Index (ECF No. 60-6) and produced by Defendants in response to Plaintiffs' FOIA Request.

30. Attached hereto as **Exhibit 17** is a true and correct copy of Document 616 reflected in row 616 of Defendants' Vaughn Index (ECF No. 60-6) and produced by Defendants in response to Plaintiffs' FOIA Request.

31. Attached hereto as **Exhibit 18** is a true and correct copy of Document 619 reflected in row 619 of Defendants' Vaughn Index (ECF No. 60-6) and produced by Defendants in response to Plaintiffs' FOIA Request.

32.     Attached hereto as **Exhibit 19** is a true and correct copy of Document 627 reflected in row 627 of Defendants' Vaughn Index (ECF No. 60-6) and produced by Defendants in response to Plaintiffs' FOIA Request.

33.     Attached hereto as **Exhibit 20** is a true and correct copy of Document 628 reflected in row 628 of Defendants' Vaughn Index (ECF No. 60-6) and produced by Defendants in response to Plaintiffs' FOIA Request.

### The HAVANA CLUB Trademark

34.     Attached hereto as **Exhibit 21** is a true and correct copy of OFAC's July 28, 2006 denial of Cubaexport's license application.

35.     Attached hereto as **Exhibit 22** is a true and correct copy of OFAC's grant of License 837-1 to Cubaexport on January 11, 2016.

36.     Attached hereto as **Exhibit 23** is a true and correct copy of the USPTO's January 13, 2016 decision holding that Cubaexport could retroactively renew the mark.

### The Parties Met and Conferred Regarding Defendants' Production to the FOIA Request

37.     On February 12, 2016, OFAC contacted counsel for Bacardi and requested that Bacardi agree to narrow the scope of the FOIA Request by removing public records, court filings related to the trademark action, and attorney-client records in exchange for the documents being produced more quickly.  On February 16, 2016, Bacardi agreed that the Request could be narrowed to exclude public records and court filings related to the trademark action.  Attached hereto as **Exhibit 24** is a true and correct copy of the email correspondence between the parties.

38.     On March 29, 2016, Bacardi inquired as to the status of the FOIA Request.  On March 31, 2016, the Treasury Department informed Bacardi that documents would be produced on a rolling basis but no rolling production was made. Attached hereto as **Exhibit 25** is a true and correct copy of the email correspondence between the parties.

39.    Bacardi continued to regularly inquire into the status of the production and was repeatedly assured that documents were being collected and reviewed. No documents were produced.

40.    In June 2016, Bacardi was notified that OFAC had "moved ahead on the search for responsive records" and the Request was now in the "review phase." OFAC also noted that pursuant to the submitter notice process under 31 C.F. R § 1.6, the production of documents may be delayed an additional thirty days. Again, no documents were produced. Attached hereto as **Exhibit 26** is a true and correct copy of the email correspondence between the parties.

41.    On January 29, 2017, Bacardi filed an administrative appeal based on an effective denial of its FOIA Request due to the Treasury Department's excessive year-long delay in responding to the FOIA Request. Attached hereto as **Exhibit 27** is a true and correct copy of Bacardi's administrative appeal.

42.    On March 1, 2017, Bacardi's administrative appeal was denied because "OFAC [had] not yet issued a determination in response to your request" and "the absence of a response within the time limits specified in the FOIA is not a basis for filing an administrative appeal." Attached hereto as **Exhibit 28** is a true and correct copy of the denial of Bacardi's administrative appeal.

43.    After identifying deficiencies in OFAC's production and after exhausting the applicable administrative remedies, Bacardi brought this action for wrongfully withheld records.

44.    On November 14, 2017, Bacardi, at OFAC's request, agreed to drop request 6 of its FOIA Request. OFAC also informed Bacardi that it had already completed its search for all documents responsive to the FOIA Request, excluding request 6. Attached hereto as **Exhibit 29** is a true and correct copy of the email correspondence between the parties.

45.    OFAC did not complain to Bacardi about any other requests in the FOIA Request.

46.    Defendants made 17 productions to Bacardi over almost 2 and a half years, between December 5, 2017 and June 19, 2020.

47. On December 19, 2017, the Court entered a Minute Order directing Defendants to "make monthly rolling productions to Plaintiff of responsive, non-exempt records by the fourth day of each month, beginning January 4, 2018." Attached hereto as **Exhibit 30** is a true and correct copy of the docket in this action.

48. During all of this time, OFAC did not raise any complaints about the scope of the FOIA Request or that the FOIA Request was vague or overly broad.

49. It took Defendants almost four and a half years to complete its production of documents responsive to the January 2016 FOIA Request.

**Defendants' Production of Records in 2020**

50. Defendants made three additional supplemental productions of records following their September 9, 2019 representation on May 14, 2020, June 18, 2020 and June 19, 2020. Attached hereto as **Exhibits 31, 32, and 33** are true and correct copies of the cover letters accompanying the 2020 supplemental productions.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on August 17, 2020
New York, New York                    /s/ Michael C. Lynch
                                         MICHAEL C. LYNCH

4826-5880-6980