# EXHIBIT 12

DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
www.debevoise.com

David H. Bernstein
Partner
Tel 212 909 6696
Fax 212 521 7696
dhbernstein@debevoise.com

April 19, 2010

BY FEDEX

Office of Foreign Assets Control
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, DC 20220
Attention: Licensing Division

### Request of Debevoise & Plimpton LLP for a Specific License to Receive Payment for Legal Services and/or for Guidance

Dear Sir or Madam:

The law firm of Debevoise & Plimpton LLP ("Debevoise" or "we") regularly represents Pernod Ricard, S.A. ("Pernod Ricard"), a French company that is one of the world's leading producers and distributors of wines and spirits, in a variety of matters relating to intellectual property rights and other subjects. As further described below, the legal services that Pernod Ricard has sought from Debevoise has included (b) (4) [REDACTED] (2) advice regarding compliance with U.S. law regarding the embargo of Cuba, some of which was sought by Pernod Ricard for the benefit of a Cuban national corporation.

We have not to date requested or received payment for such legal services, because of the concern that a specific license may be required to receive payment under 31 C.F.R. § 515.512(a). By this letter, Debevoise requests that the Office of Foreign Assets Control ("OFAC") either issue a specific license to allow Debevoise to receive such payment from Pernod Ricard, or provide guidance that no specific license is required.

### Parties and Other Relevant Entities

Debevoise is an international law firm with offices in New York, Washington, London, Paris, Frankfurt, Moscow, Hong Kong and Shanghai. Debevoise is organized as a limited liability partnership under the laws of the State of New York. Its principal office is located at 919 Third Avenue, New York, NY 10022.

Pernod Ricard, a longstanding client of Debevoise, is one of the world's leading producers and distributors of wines and spirits. Its flagship brands include The Glenlivet, Jameson, Ricard, Ballantine's, Kahlúa, Malibu, Beefeater, Absolut Vodka, Jacob's Creek, Montana, Mumm, Perrier-Jouët, Chivas Regal, and Martell. An additional flagship brand, Havana Club, cannot be sold in the United States because it is produced in Cuba. Pernod Ricard is organized as a *société anonyme* under the laws of the Republic of France. Its principal office is located at 12, place des États-Unis, 75783 Paris Cedex 16, France. Pernod Ricard is a publicly traded company and is not owned or controlled by a United States person.

Rights to the Havana Club trademark outside the United States are held by Havana Club Holdings, S.A. ("HCH"), a company incorporated and headquartered in Luxembourg, which is a joint venture 50% owned by Pernod Ricard and 50% owned by two Cuban state-owned companies, Corporación Cuba Ron, S.A. ("CCR") and Havana Rum and Liqueurs, S.A. The rum itself is produced by CCR in Cuba and exported from Cuba by Havana Club International, S.A. ("HCI"), a Cuban state-owned company, under license from HCH.

In the United States, a registration for the Havana Club trademark was granted in 1976 to Empresa Cubana Exportadora de Alimentos y Productos Varios ("Cubaexport"), another Cuban company. Because OFAC on April 17, 1997 revoked a specific license (No. C-18147) for the assignment of that registration from Cubaexport to HCH (through a third company), the U.S. registration remains in the name of Cubaexport. The current status of that registration is the subject of litigation, as described below.

Existing Licenses Issued to Debevoise for the
*Cubaexport* Appeal (Nos. CT-14342 and CU-78842)

Debevoise holds two existing specific licenses from OFAC in connection with its representation of Cubaexport in litigation in the United States Court of Appeals for the District of Columbia Circuit (the "D.C. Circuit").

The litigation relates to OFAC's denial of a specific license for Cubaexport's 2006 renewal of its HAVANA CLUB trademark registration. As a result, USPTO deemed the registration canceled/expired. An action challenging OFAC's license denial resulted in summary judgment in OFAC's favor in the United States District Court for the District of Columbia, which judgment is now on appeal before the D.C. Circuit.

Debevoise, together with Ropes & Gray LLP ("Ropes"), has been representing Cubaexport in the D.C. Circuit appeal. The general license in 31 C.F.R. § 515.512(a) authorizes this representation but not travel-related transactions or the receipt of legal fees. Accordingly, Debevoise applied for and received two specific licenses, both dated August 5, 2009, in connection with this representation: a specific license authorizing

Office of Foreign Assets Control       3       April 19, 2010

certain travel-related transactions with Cuba in connection with the representation (No. CT-14342), and a specific license authorizing receipt of payment for legal services in connection with the representation (No. CU-78842). Copies of the two specific licenses issued to Debevoise are attached for reference. We understand that Ropes also holds specific licenses in connection with this litigation.

### Request for a Specific License for the *Hausler* Litigation

Pernod Ricard also has asked Debevoise for advice regarding Cubaexport's defense of *Hausler v. Republic of Cuba*, No. 09-22593-CIV-JORDAN, a litigation currently pending in the United States District Court for the Southern District of Florida. In that case, the holder of a Florida state-court judgment against the Republic of Cuba is seeking a court-ordered sale of Cubaexport's U.S. registration of the Havana Club trademark, as well as various other trademark registrations held by another Cuban entity, Empresa Cubana del Tabaco ("Cubatabaco"). Cubaexport and Cubatabaco opposed the requested relief. Cubaexport's and Cubatabaco's counsel of record in that litigation is Rabinowitz Boudin Standard Krinsky & Lieberman P.C. ("Rabinowitz").

We regard our client in this matter as Pernod Ricard, which is not a Cuban national and which sought our services to protect its own interests. In particular, Pernod Ricard wishes to protect its existing United States brands, which could be harmed by unfair competition from misbranded "Havana Club" products sold by a competitor in the United States, and to protect its ability to compete fairly in the United States rum market should the embargo of Cuba be lifted in the future.



Debevoise therefore respectfully requests a specific license authorizing Debevoise to request and accept payment from Pernod Ricard for services in connection with the *Hausler* litigation, whether rendered before or after the date of this letter. Should OFAC determine that no specific license is required for such payment, Debevoise requests written confirmation to that effect.

Office of Foreign Assets Control            4                        April 19, 2010

Request for Guidance or a License Authorizing Payment for Advice to
Pernod Ricard Concerning the Business or Property of Cuban Nationals

  Pernod Ricard has from time to time asked Debevoise's advice on United States law in connection with the United States trade embargo against Cuba. This advice includes advice regarding compliance with the Cuban Assets Control Regulations and other U.S. law in connection with transactions between HCI or HCH and their non-U.S. suppliers or banks, and in connection with advertising, market research and trademark protection concerning Cuban rum.

  None of the advice was sought to facilitate any violation of United States law. Pernod Ricard has sought this advice (1) to avoid engaging in actions that could violate United States law or facilitate such violations by others; (2) to protect its existing business interests in distributing Havana Club rum outside the United States; and (3) to protect its ability to compete fairly in the United States should the embargo of Cuba be lifted in the future.

  Although solicited by Pernod Ricard, which is not a Cuban national, the above-described advice relates to the business or trademarks of HCI, HCH and Cubaexport, which are Cuban nationals within the meaning of the Cuba Asset Control Regulations. We understand that Pernod Ricard is in regular communication with those entities, and that Pernod Ricard has shared some of our advice with those entities in furtherance of their common interest. We therefore believe that our advice to Pernod Ricard, to the extent it involves the interests of HCI, HCH or Cubaexport, might be regarded as a provision of legal services indirectly to a Cuban national. If that is the case, we understand that provision of the services would be authorized by the general license in 31 C.F.R. § 515.512(a)(1), but receipt of payment could require a specific license. Accordingly, out of an abundance of caution, we have requested that Pernod Ricard not pay us for these services at this time, and Pernod Ricard has complied with our request.

  We therefore respectfully request (1) confirmation that Debevoise may request and accept payment from Pernod Ricard, without a specific license, for advice on compliance with U.S. law rendered by Debevoise to Pernod Ricard regarding the business or property of HCI, HCH or Cubaexport, or (2) in the alternative, a specific license authorizing Debevoise to request and accept payment from Pernod Ricard for such services, whether rendered before or after the date of this letter.

Address for Communications

  Please let me know if you have any questions or if you need any further information. Debevoise respectfully requests that any questions about this application and any notice of action by OFAC on this application, including any license that may be granted, should be sent directly to me at Debevoise & Plimpton LLP, 919 Third Avenue,

Office of Foreign Assets Control            5                               April 19, 2010

New York, NY 10022; telephone (212) 909-6696, fax (212) 521-7696, e-mail dhbernstein@debevoise.com.

Respectfully submitted,



David H. Bernstein

Attachments