# EXHIBIT 13



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

**Cuban Assets Control Regulations**                                License No. CU-79885

## LICENSE

(Granted under the authority of 50 U.S.C. App. 5(b), 22 U.S.C. 2370(a), 22 U.S.C. 6001 et seq., Proclamation 3447, and 31 CFR Parts 501 and 515)

To:  **Debevoise & Plimpton LLP (the "Licensee")**
919 Third Avenue
New York, NY 10022
Attn: David H. Bernstein, Esq.

1. Pursuant to your application dated **April 19, 2010 (the "Application")**, the following transactions are hereby licensed:

* * * * * SEE REVERSE * * * * *

2. This license is granted upon the statements and representations made in the Application, or otherwise filed with or made to the Treasury Department as a supplement to the Application, and is subject to the conditions, among others, that you comply in all respects with all regulations, rulings, orders and instructions issued by the Secretary of the Treasury under the authority of cited above and the terms of this license.

3. The Licensee shall furnish and make available for inspection any relevant information, records or reports requested by the Secretary of the Treasury or any duly authorized officer or agency of the Secretary.

4. This license expires on **July 15, 2011**, is not transferable, is subject to the provisions of Title 31, Parts 501 and 515 of the Code of Federal Regulations and any regulations and rulings issued pursuant thereto, and may be revoked or modified at any time at the discretion of the Secretary of the Treasury acting directly or through the agency through which the license was issued, or any other agency designated by the Secretary of the Treasury. If this license was issued as a result of willful misrepresentation on the part of the applicant or his duly authorized agent, it may, in the discretion of the Secretary of the Treasury, be declared void from the date of its issuance, or from any other date.

5. This license does not excuse compliance with any law or regulation administered by the Office of Foreign Assets Control or another agency (including reporting requirements) applicable to the transactions(s) herein licensed, nor does it release Licensee or third parties from civil or criminal liability for violation of any law or regulation.

Issued on behalf of the Secretary of the Treasury:

OFFICE OF FOREIGN ASSETS CONTROL



By (b) (6)                                                    7/12/10
                                                              Date

Chief, TWEA Licensing Section

[Attention is directed to 18 U.S.C. 545, 18 U.S.C. 1001, 50 U.S.C App. 16, 31 CFR 501.701 et seq., and 31 CFR 515.701 et seq. for provisions relating to penalties.]

License No. CU-79885                                                                              Page 2 of 2
Licensees: Debevoise & Plimpton LLP

SECTION 1 - AUTHORIZATION: (a) All transactions are authorized to enable the Licensee, in connection with the legal representation of Pernod Ricard, to receive payment of professional fees for and reimbursement of incurred expenses related to (b) (4)
(b) (4)
(b) (4)                                                                of *Hausler v. Republic of Cuba*,
No. 09-22593-CIV-JORDAN, as described in the Application, provided any funds from Cuba are routed to the United States via a third-country bank.

(b) All transactions are authorized to enable the Licensee, in connection with the legal representation of Pernod Ricard, to receive payment of professional fees for and reimbursement of incurred expenses related to the provision of legal advice and counseling to or on behalf of Havana Club International, S.A., Havana Club Holdings, S.A., and Cubaexport on the requirements of and compliance with the Cuban Assets Control Regulations and other U.S. laws, as described in the Application, provided any funds from Cuba are routed to the United States via a third-country bank.

**Authority: 31 CFR § 515.512.**

SECTION 2 – CONDITION: It is a condition of this license that payments of fees or retainers pursuant to Section 1 above are made exclusively from fresh funds originating from a source not currently within the United States or within the possession or control of a United States person, including its overseas branches, and that such payments are not made from a blocked account or from other blocked property.

SECTION 3 – RECORDKEEPING REQUIREMENT: The Licensee shall keep a record of the transactions under this license. Such records shall be made available for examination upon demand for at least five years from the date of each transaction.

SECTION 4 - WARNINGS: (a) Except as explicitly authorized in Section 1 above, nothing in this license authorizes any person subject to the jurisdiction of the United States to engage in any transaction or activity prohibited by the Cuban Assets Control Regulations, 31 CFR Part 515.

(b) Nothing in this license authorizes the transfer of funds through methods which involve debits or credits to blocked accounts subject to the jurisdiction of the United States.

SECTION 5 – PRECEDENTIAL EFFECT: The authorization contained in this license is limited to the facts and circumstances specific to the Application.
*********************************************************************************