# EXHIBIT 14

# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
www.debevoise.com

**David H. Bernstein**
Partner
Tel 212 909 6696
Fax 212 521 7696
dhbernstein@debevoise.com

June 8, 2011

BY FEDEX

Office of Foreign Assets Control
U.S. Department of the Treasury
Treasury Annex
1500 Pennsylvania Avenue, NW
Washington, DC 20220

Attn: (b) (6)

**Application of Debevoise & Plimpton LLP to Renew License
Nos. CU-78842-a and CU-79885 Authorizing Receipt of Payment for
Professional Fees and Reimbursement of Incurred Expenses and License
No. CT-14342 Authorizing Travel to Cuba for Related Professional Meetings**

Dear (b) (6)

Debevoise & Plimpton LLP ("Debevoise") respectfully requests that the Office of Foreign Assets Control ("OFAC") renew Amended License CU-78842-a with one modification described below, renew License No. CT-14342 with one modification described below, and renew License No. CU-79885.

History of Licenses

Debevoise was retained by Empresa Cubana Exportadora de Alimentos y Productos Varios d/b/a Cubaexport ("Cubaexport") to act as its counsel in certain legal proceedings within the United States that are authorized by the general license in 31 C.F.R. § 515.512(a). By letter dated June 12, 2009, Debevoise sought a specific license from the Office of Foreign Assets Control ("OFAC") to receive payment for professional fees and reimbursement of incurred expenses, and to travel to Cuba for meetings with the client in connection with the representation. On August 5, 2009, OFAC granted license Nos. CU-78842 and CT-14342, authorizing receipt of payment and travel, respectively, as set forth in the licenses. By letter dated May 6, 2010, Debevoise requested amendment of license No. CU-78842 to clarify that payment for legal services could originate from a

third country. On June 17, 2010, OFAC issued Amended License No. CU-78842-a, granting the requested clarification. The licenses expire on July 31, 2011.

In addition, by letter dated April 19, 2010, Debevoise applied for a specific license to allow it to receive payment of professional fees and reimbursement of incurred expenses in connection with (1) services (b) (4) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (b) (4) ▇▇▇▇▇▇▇▇▇▇▇▇ ) in connection with *Hausler v. Republic of Cuba*, No. 09-22593-CIV-JORDAN (S.D. Fla.), and (2) legal advice and counseling to or on behalf of Havana Club International, S.A., Havana Club Holdings S.A., and Cubaexport on the requirements of and compliance with the Cuban Assets Control Regulations and other U.S. laws. Again, these services are authorized by the general license in 31 C.F.R. § 515.512(a), but appear to require a specific license for receipt of payment. OFAC granted License No. CU-79885 on July 12, 2010. The license expires on July 15, 2011.

Copies of Licenses CU-78842-a, CT-14342 and CU-79885, and our letters of June 12, 2009, April 19, 2010 and May 6, 2010, are attached for your reference.

Parties to the Arrangement

Debevoise is an international law firm with offices in several cities around the world. Debevoise is organized as a limited liability partnership under the laws of the State of New York. Its principal office is located at 919 Third Avenue, New York, NY 10022.

Pernod Ricard, a longstanding client of Debevoise, is one of the world's leading producers and distributors of wines and spirits. Its flagship brands include The Glenlivet, Jameson, Ricard, Ballantine's, Kahlúa, Malibu, Beefeater, Absolut Vodka, Jacob's Creek, Montana, Mumm, Perrier-Jouët, Chivas Regal, and Martell. An additional flagship brand, Havana Club, cannot be sold in the United States because it is produced in Cuba. Pernod Ricard is organized as a *société anonyme* under the laws of the Republic of France. Pernod Ricard is a publicly traded company and is not owned or controlled by a United States person. Its principal office is located at 12 place des États-Unis, 75783 Paris Cedex 16, France.

Rights to the Havana Club trademark outside the United States are held by Havana Club Holdings, S.A. ("HCH"), a company incorporated and headquartered in Luxembourg, which is a joint venture 50% owned by Pernod Ricard and 50% owned by two Cuban state-owned companies, Corporación Cuba Ron, S.A. ("CCR") and Havana Rum and Liquors, S.A. The principal office of HCH is located at 5 rue Eugène Ruppert, L-2453 Luxembourg, Luxembourg.

The rum, is produced in Cuba by CCR and Havana Club International, S.A. ("HCI") and is exported by HCI under license from HCH. HCI, a joint venture between

Pernod Ricard and CCR, is organized under the laws of Cuba. HCI's principal office is located at Calle A n° 309 e/ 13 y 15, Vedado, Ciudad de la Habana, Cuba.

In the United States, a registration for the Havana Club trademark was granted in 1976 to Cubaexport, a Cuban state-owned company. Because OFAC on April 17, 1997 revoked a specific license (No. C-18147) for the assignment of that registration from Cubaexport to HCH (through a third company), the U.S. registration remains in the name of Cubaexport. The current status of that registration is the subject of litigation, as described below. Cubaexport's principal office is located at Edificio MINCEX, $8^{vo}$ piso, Calle 23 n° 55 e/ Infanta y P, Vedado, Ciudad de la Habana, Cuba.

<u>Cubaexport Legal Proceedings Involving OFAC and Bacardi
(License Nos. CU-78842-a and CT-14342)</u>

As described in our June 12, 2009 letter, Cubaexport's United States registration of the HAVANA CLUB mark was set to expire in January of 2006. Through its counsel, Ropes & Gray LLP ("Ropes"), Cubaexport sought to renew its trademark registration with the United States Patent and Trademark Office ("USPTO"). After OFAC refused to provide a license to allow payment for renewal of the trademark registration, the USPTO refused to renew the HAVANA CLUB registration. Cubaexport appealed that decision by petitioning to the USPTO Director (the "USPTO Petition"). Action on the USPTO Petition is stayed pending resolution of the litigation described in the next paragraph.

Cubaexport also challenged the OFAC refusal in the United States District Court for the District of Columbia, in *Empresa Cubana Exportadora de Alimentos y Productos Varios v. United States Dep't of Treasury*, No. 06-cv-1692 (RCL) (D.D.C.) (the "OFAC Proceedings"). On March 30, 2009, the District Court granted summary judgment in favor of OFAC and dismissed the challenge brought by Cubaexport. Cubaexport filed an appeal of the decision to the United States Court of Appeals for the District of Columbia Circuit. At that point, we were retained to represent Cubaexport, and we sought and obtained an OFAC license to receive payment for the representation, and to travel to Cuba for professional meetings and research in connection with the representation.

On March 29, 2011, the United States Court of Appeals for the District of Columbia Circuit affirmed the District Court's decision by a vote of 2-1. Cubaexport requested and received an extension of time to June 13, 2011 to file a petition for rehearing and expects to file such a petition shortly. If the rehearing petition is granted, there may be further proceedings before the United States Court of Appeals. If the rehearing petition is denied, Cubaexport may choose to file a petition for certiorari to the Supreme Court of the United States. Regardless of the outcome of the rehearing petition, we expect that our work on this matter, and our billing for this work, will extend beyond the July 31, 2011 expiration date of our existing license.

Office of Foreign Assets Control 4 June 8, 2011

Cubaexport and HCH also have asked Debevoise to represent them in litigation brought by Bacardi & Co., which is pending in the United States District Court for the District of Columbia. *See Bacardi & Co. v. Empresa Cubana Exportadora de Alimentos y Productos Varios, Inc.*, Case No. 04-cv-519 (EGS) (D.D.C.) (the "Bacardi Litigation"). This litigation is currently stayed pending the outcome of the USPTO Petition, which, as noted above, itself is stayed pending the outcome of the OFAC Proceedings. Depending on the outcome of the OFAC Proceedings, there may be further litigation in the Bacardi Litigation. We expect that our work on this matter, and our billing for this work, will extend beyond the July 31, 2011 expiration date of our existing licenses.

*Hausler* Legal Proceeding (License No. CU-79885)

As described in our April 19, 2010 letter, Pernod Ricard asked Debevoise for advice regarding Cubaexport's defense of *Hausler v. Republic of Cuba*, No. 09-22593-CIV-JORDAN, a litigation currently pending in the United States District Court for the Southern District of Florida. In that case, the holder of a Florida state-court judgment against the Republic of Cuba is seeking a court-ordered sale of Cubaexport's U.S. registration of the Havana Club trademark, as well as various other trademark registrations held by another Cuban entity, Empresa Cubana del Tabaco ("Cubatabaco") and certain property of the Cuban telecommunications company Empresa de Telecomunicaciones de Cuba S.A. ("ETECSA"). Cubaexport and Cubatabaco opposed the requested relief. Cubaexport's and Cubatabaco's counsel of record in that litigation is Rabinowitz Boudin Standard Krinsky & Lieberman P.C. ("Rabinowitz"). ETECSA did not appear in the litigation.

We regard our client in this matter as Pernod Ricard, which is not a Cuban national and which sought our services to protect its own interests. In particular, Pernod Ricard wishes to protect its existing United States brands, which could be harmed by unfair competition from misbranded "Havana Club" products sold by a competitor in the United States, and to protect its ability to compete fairly in the United States rum market should the embargo of Cuba be lifted in the future.



Office of Foreign Assets Control           5                      June 8, 2011

Cubatabaco has been dismissed from the *Hausler* case by agreement of the parties and with the approval of the court. To the extent it affects Cubaexport, the *Hausler* case is currently stayed pending the outcome of the *Cubaexport v. OFAC* and *Bacardi v. Cubaexport* litigations discussed above. (b) (4)

(b) (4)

(b) (4)          We expect that this will occur after the July 15, 2011 expiration of License No. CU-79885.

### Advice to Pernod Ricard Concerning the Business or Property of Cuban Nationals (License No. CU-79885)

As also described in our April 19, 2010 letter, Pernod Ricard has from time to time asked Debevoise's advice on United States law in connection with the United States trade embargo against Cuba. This advice includes advice regarding compliance with the Cuban Assets Control Regulations and other U.S. law in connection with transactions between HCI or HCH and their non-U.S. suppliers or banks, and in connection with advertising, market research and trademark protection concerning Cuban rum. None of the advice was sought to facilitate any violation of United States law. Pernod Ricard has sought this advice (1) to avoid engaging in actions that could violate United States law or facilitate such violations by others; (2) to protect its existing business interests in distributing Havana Club rum outside the United States; and (3) to protect its ability to compete fairly in the United States should the embargo of Cuba be lifted in the future.

Although solicited by Pernod Ricard, which is not a Cuban national, the above-described advice relates to the business or trademarks of HCI, HCH and Cubaexport, which are Cuban nationals within the meaning of the Cuba Asset Control Regulations. We understand that Pernod Ricard is in regular communication with those entities, and that Pernod Ricard has shared some of our advice with those entities in furtherance of their common interest. For that reason, we understand that OFAC regards this advice as a provision of legal services indirectly to a Cuban national, so that receipt of payment would require a specific license.

Pernod Ricard has continued to ask our advice on the requirements of and compliance with Cuban Assets Control Regulations, and we understand that it has continued to communicate with HCI, HCH or Cubaexport about this advice. We expect that this will continue into the future, beyond the July 15, 2011 expiration of License No. CU-79885.

### Request for Renewal and Further Amendment of Licenses

For the reasons described above, we expect that our work for Cubaexport, and particularly our receipt of payment for that work, will extend beyond the July 31, 2011

Office of Foreign Assets Control	6	June 8, 2011

expiration date of License Nos. CU-78842-a and CT-14342, and the July 15, 2011 expiration of License No. CU-79885. We therefore request that each of these licenses be renewed for an additional two years, with the following two modifications:

    1. Bacardi has named both Cubaexport and HCH as defendants to the Bacardi Litigation. We have been asked to represent HCH as well as Cubaexport in that litigation. For that reason, we request that upon renewal, License No. CU-78842-a be further amended to clarify that Debevoise may receive payment for any work done on behalf of HCH, as well as Cubaexport, in the Bacardi Litigation.

    2. Travel license No. CT-14342 currently authorizes travel to Cuba for professional meetings and research in conjunction with transactions authorized by License No. CU-78842. We request that, upon renewal, the travel license be expanded to authorize, in addition, travel to Cuba for professional meetings and research in conjunction with transactions authorized by License No. CU-79885.

Address for Communications

    Please let me know if you have any questions or if you need any further information. Debevoise respectfully requests that any questions about this application and any notice of action by OFAC on this application, including any license that may be granted, should be sent directly to me at Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY 10022; telephone (212) 909-6696, fax (212) 521-7696, e-mail dhbernstein@debevoise.com.

                                                        Respectfully submitted,



                                                         David H. Bernstein

Attachments