# EXHIBIT 15

# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
www.debevoise.com

**David H. Bernstein**
Partner
Tel 212 909 6696
Fax 212 521 7696
dhbernstein@debevoise.com

July 15, 2013

BY ELECTRONIC SUBMISSION

Office of Foreign Assets Control
U.S. Department of the Treasury
Treasury Annex
1500 Pennsylvania Avenue, NW
Washington, DC 20220

**Application of Debevoise & Plimpton LLP for
Renewal of Licenses Under Cuban Assets Control Regulations
(Nos. CU-81604, CU-81605, CU-2012-296443-1, and CT-18021)**

Dear Sir or Madam:

    Debevoise & Plimpton LLP respectfully requests that the Office of Foreign Assets Control ("OFAC") renew for an additional one-year term License Nos. CU-81604 (except subsection 1(a) thereof), CU-81605, CU-2012-296443-1, and CT-18021. All of these existing licenses, which relate to Havana Club rum or the Havana Club trademark, expire on July 31, 2013.

**Parties Involved**

    Debevoise & Plimpton LLP ("Debevoise") is an international law firm with offices in several cities around the world. Debevoise is organized as a limited liability partnership under the laws of the State of New York. Its principal office is located at 919 Third Avenue, New York, NY 10022.

    Pernod Ricard S.A. ("Pernod Ricard") is a longstanding client of Debevoise. Pernod Ricard is one of the world's leading producers and distributors of wines and spirits. Pernod Ricard is organized under the laws of France and has its principal place of business in France.

    Havana Club Holdings S.A. ("HCH") is a joint venture 50% owned by Pernod Ricard and 50% owned by two Cuban state-owned companies, Corporación Cuba Ron, S.A. ("CCR") and Havana Rum and Liquors, S.A. HCH holds the rights to the Havana

Club trademark outside the United States. HCH is organized under the laws of Luxembourg and has its principal place of business in Luxembourg.

Empresa Cubana Exportadora de Alimentos y Productos Varios ("Cubaexport") is a Cuban state-owned company organized under the laws of Cuba and having its principal place of business in Cuba. Cubaexport was granted the Havana Club trademark registration in the United States in 1976.

Havana Club International S.A. ("HCI") is a joint venture between Pernod Ricard and CCR. HCI exports Cuban rum to various countries around the world using the Havana Club trademark, which it licenses from HCH. HCI is organized under the laws of Cuba and has its principal place of business in Cuba.

**History of Licenses and Current Status of Proceedings**

*Cubaexport v. OFAC* and *Bacardi v. Cubaexport* Litigations
(License No. CU-81604)

In 2009, Debevoise was retained by Cubaexport to act as its counsel in two legal proceedings within the United States:

(1) *Empresa Cubana Exportadora de Alimentos y Productos Varios v. United States Dep't of Treasury et al.*, No. 06-cv-1692 (RCL) (D.D.C.) (the "*Cubaexport v. OFAC* Litigation"), which challenged OFAC's refusal to allow the renewal of Cubaexport's Havana Club trademark registration, and

(2) *Bacardi & Co. v. Empresa Cubana Exportadora de Alimentos y Productos Varios, Inc. et al.*, Case No. 04-cv-519 (EGS) (D.D.C.) (the "*Bacardi v. Cubaexport* Litigation"), in which Bacardi challenges the Havana Club trademark registration and claims rights in the Havana Club trademark.

These services are authorized by the general license in 31 C.F.R. § 515.512(a).

By letter dated June 12, 2009, Debevoise sought a specific license from OFAC to receive payment for professional fees and reimbursement of incurred expenses in connection with these matters. On August 5, 2009, OFAC granted license No. CU-78842 authorizing receipt of payment as set forth in the license. By letter dated May 6, 2010, Debevoise requested amendment of license No. CU-78842 to clarify that payment for legal services could originate from a third country. On June 17, 2010, OFAC issued Amended License No. CU-78842-a, granting the requested clarification. By letter dated June 8, 2011, Debevoise requested extension of the term of the license, and requested clarification that Debevoise could receive payment for services on behalf of HCH as well as Cubaexport in the *Cubaexport v. OFAC* Litigation. In response, OFAC granted

Office of Foreign Assets Control          3          July 15, 2013

License No. CU-81604 on August 2, 2011, authorizing receipt of payment as set forth in the license. License No. CU-81604 expires on July 31, 2013.

As noted in our June 8, 2011 license renewal application, the United States Court of Appeals for the District of Columbia Circuit decided the *Cubaexport v. OFAC* Litigation in favor of OFAC and the other U.S. Government defendants in March 2011. Subsequently, the Court of Appeals denied rehearing and, on May 14, 2012, the Supreme Court of the United States denied *certiorari*. Because the *Cubaexport v. OFAC* Litigation is no longer pending, and Debevoise has received payment of its fees and expenses in that matter, we do not request renewal of subsection 1(a) of License No. CU-18604, which relates solely to the *Cubaexport v. OFAC* Litigation.

The status of the Bacardi Litigation remains unchanged since License No. CU-81604 was issued. Specifically, the case remains stayed pending resolution of the USPTO Proceeding. Debevoise continues to incur fees and expenses for filing periodic status reports required by the Court on behalf of Cubaexport and HCH, and expects to incur further fees and expenses once the USPTO Proceeding is concluded. Accordingly, we request renewal of License No. CU-18604 to the extent that it relates to the Bacardi Litigation, for an additional year.

### *Hausler* Litigation and Compliance Advice (License No. CU-81605)

Debevoise also has been consulted in connection with two additional matters:

(1)     *Hausler v. Republic of Cuba*, No. 09-22593-CIV-JORDAN (S.D. Fla.) (the "*Hausler* Litigation"), a litigation in which the holder of a Florida state-court judgment against the Republic of Cuba is seeking a court-ordered sale of Cubaexport's U.S. registration of the Havana Club trademark and other property held by Cuban entities, and

(2)     legal advice and counseling to or on behalf of HCI, HCH and Cubaexport on the requirements of and compliance with the Cuban Assets Control Regulations and other U.S. laws.

These services are authorized by the general license in 31 C.F.R. § 515.512(a).

By letter dated April 19, 2010, Debevoise applied for a specific license to allow it to receive payment of professional fees and reimbursement of incurred expenses in connection with the matters described. OFAC granted License No. CU-79885 on July 12, 2010, authorizing receipt of payment as set forth in the license.

Debevoise requested extension of the term of the license by letter dated June 8, 2011, referenced above. OFAC granted License No. CU-81605 on July 20, 2011, again

Office of Foreign Assets Control               4                    July 15, 2013

authorizing receipt of payment as set forth in the license. License No. CU-81605 expires on July 31, 2013.

The status of the *Hausler* Litigation is unchanged since License No. CU-81605 was issued. Specifically, the case remains stayed pending resolution of the USPTO Proceeding and the Bacardi Litigation. (b) (4)

(b) (4)

(b) (4)

Pernod Ricard continues on a regular basis to ask Debevoise's advice on the requirements of and compliance Cuban Assets Control Regulations and other U.S. law. Some of this advice has been solicited for the benefit of HCI, HCH or Cubaexport, as described in our previous license applications. None of the advice has been sought to facilitate any violation of United States law. Debevoise continues to accrue fees and incur expenses in connection with providing such advice.

Accordingly, Debevoise requests renewal of License No. CU-18605, for an additional year.

**USPTO Proceeding (License No. CU-2012-296443-1)**

In 2006, after OFAC refused to authorize the renewal of Cubaexport's Havana Club trademark registration, Cubaexport filed a petition with the Director of the United States Patent and Trademark Office ("USPTO") challenging the USPTO staff's decision to declare the Havana Club registration as expired and cancelled. In 2012, Cubaexport retained Debevoise to replace its previous counsel, and Debevoise supplemented Cubaexport's submission to the USPTO Director. These services are authorized by the general license in 31 C.F.R. § 515.512(a).

By letter dated July 30, 2012, Debevoise requested a license to receive payment for professional fees and reimbursement of incurred expenses in connection with these legal services. On December 10, 2012, OFAC granted License No. CU-2012-296443-1, authorizing receipt of payment as set forth in the license. License No. CU-2012-296443-1 expires on July 31, 2013, the same day as Debevoise's other licenses.

The USPTO Proceeding remains pending. Debevoise expects to accrue further fees and incur expenses in connection with the USPTO Proceeding, particularly after the USPTO Director's decision is received.

Accordingly, Debevoise requests renewal of License No. CU-2012-296443-1, for an additional year.

Office of Foreign Assets Control 5 July 15, 2013

**Cuba Travel (License No. CT-18021)**

In its letter dated June 12, 2009, described above, Debevoise sought a specific license to travel to Cuba for professional meetings and professional research in connection with the *Cubaexport v. OFAC* Litigation and the *Bacardi v. Cubaexport* Litigation. On August 5, 2009, OFAC granted License No. CT-14342, authorizing travel-related transactions as set forth in the license.

In our renewal letter dated June 8, 2011, referenced above, Debevoise requested renewal of the license, with the amendment that the authorization to travel also includes professional research and professional meetings related to the *Hausler* Litigation. On August 2, 2011, OFAC granted License No. CT-18021, authorizing travel-related transactions as set forth in the license. License No. CT-18021 expires on July 31, 2013, along with the other licenses.

No travel has taken place under License No. CT-18021, although one Debevoise lawyer traveled to Cuba on one occasion under the predecessor license, No. CT-14342. However, it may be necessary to travel to Cuba in the future for professional meetings and professional research in connection with the legal services described above.

Accordingly, Debevoise request renewal of License No. CT-18021, for an additional year. Debevoise further requests that the license, as renewed, be amended to include travel for professional meetings and professional research in connection with the USPTO Proceeding.

**Summary of Request for Renewal of Licenses**

For the reasons described above, we expect that our work for Cubaexport, HCH and HCI, and our receipt of payment for that work, will extend beyond the July 31, 2013 expiration date of our current licenses. Accordingly, Debevoise respectfully requests that OFAC:

1. Renew License No. CU-81604, except Section 1(a) thereof, for an additional year;

2. Renew License No. CU-81605, in its entirety, for an additional year;

3. Renew License No. CU-2012-296443-1, in its entirety, for an additional year;

4. Renew License No. CT-18021 in its entirety for an additional year, and amend the license so that it applies to travel for professional meetings and professional research in connection with the matters covered by License

Office of Foreign Assets Control     6     July 15, 2013

No. CU-2012-296443-1, in addition to the matters covered by License Nos. CU-81604 and CU-81605.

**Address for Communications**

Please let me know if you have any questions or if you need any further information. Debevoise respectfully requests that any questions about this application and any notice of action by OFAC on this application, including any license that may be granted, should be sent directly to me at Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY 10022; telephone (212) 909-6696, fax (212) 521-7696, e-mail dhbernstein@debevoise.com.

Respectfully submitted,



David H. Bernstein

Attachments