# EXHIBIT 16



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

**Cuban Assets Control Regulations**                                   License No. CU-2013-303598-1

## LICENSE

(Granted under the authority of 50 U.S.C. App. 5(b), 22 U.S.C. 2370(a),
22 U.S.C. 6001 et seq., Proclamation 3447, and 31 C.F.R. Parts 501 and 515)

To:   Debevoise & Plimpton LLP (the "Licensee")
      919 Third Avenue
      New York, NY 10022
      Attn: David H. Bernstein, Esq.

*July 22, 2014*

1. Pursuant to your application dated **July 15, 2013 ("the Application")**, the transactions delineated herein are hereby licensed.

\*\*\*\*\*\*\*\*SEE PAGE 2\*\*\*\*\*\*\*\*

2. This License is granted upon the statements and representations made in the Application, or otherwise filed with or made to the Treasury Department as a supplement to the Application, and is subject to the conditions, among others, that you comply in all respects with all regulations, rulings, orders and instructions issued by the Secretary of the Treasury or his designees under the authority cited above and the terms of this license.

3. The Licensee shall furnish and make available for inspection any relevant information, records or reports requested by the Secretary of the Treasury or any duly authorized officer or agency.

4. This License expires on **September 30, 2014**, is not transferable, is subject to the provisions of Title 31, Parts 501 and 515 of the Code of Federal Regulations and any regulations and rulings issued pursuant thereto, and may be revoked or modified at any time at the discretion of the Secretary of the Treasury acting directly or through the agency through which the License was issued, or any other agency designated by the Secretary of the Treasury. If this License was issued as a result of willful misrepresentation on the part of the applicant or his duly authorized agent, it may, in the discretion of the Secretary of the Treasury or his designees, be declared void from the date of its issuance, or from any other date.

5. This License does not excuse compliance with any law or regulation (including reporting requirements) administered by the Office of Foreign Assets Control or another agency applicable to the transactions(s) herein licensed, nor does it release the Licensee or third parties from civil or criminal liability for violation of any law or regulation.

Issued on behalf of the Secretary of the Treasury:

**OFFICE OF FOREIGN ASSETS CONTROL**

By **(b) (6)**                                         Sept. 10, 2013
   Andrea Gacki                                     Date
   Assistant Director for Licensing

[Attention is directed to 18 U.S.C. 1001, 50 U.S.C. App. 16, 31 CFR 501.701 et seq. and 31 CFR 515.701 et seq. for provisions relating to penalties.]

License No. CU-2013-303598-1            Page 2 of 3
Licensee: Debevoise & Plimpton LLP

**SECTION 1 - AUTHORIZATION:** (a) All transactions are authorized to enable Debevoise & Plimpton LLP (the "Licensee"), in connection with the legal representation of Pernod Ricard, to receive payment of professional fees for and reimbursement of incurred expenses related to (b) (4) ███████████████████
(b) (4) ███████████████████████████████████████████████████████████████████████ *Hausler v. Republic of Cuba*, No. 09-22593-CIV-JORDAN (S.D. Fla.), as described in the Application, provided any funds from Cuba are routed to the United States via a third-country bank.

(b) All transactions are authorized to enable the Licensee, in connection with the legal representation of Pernod Ricard, to receive payment of professional fees for and reimbursement of incurred expenses related to the provision of legal advice and counseling to or on behalf of Havana Club International, S.A., Havana Club Holdings, S.A., and Cubaexport on the requirements of and compliance with the Cuban Assets Control Regulations, 31 C.F.R. Part 515 (the "Regulations"), and other U.S. laws, as described in the Application, provided any funds from Cuba are routed to the United States via a third-country bank.

**Authority: 31 CFR § 515.512.**

**SECTION 2 – CONDITIONS:** (a) Any transfer of funds through the U.S. financial system pursuant to the authorization set forth above should reference the number of this License to avoid the blocking or rejection of the transfer.

(b) It is a condition of this License that payments of fees and expenses pursuant to **SECTION 1** above are made exclusively from fresh funds originating from a source not currently within the United States or within the possession or control of a United States person, including its overseas branches, and that such payments are not made from a blocked account or from other blocked property.

**SECTION 3 - WARNINGS:** (a) Except as explicitly authorized in **SECTION 1** above, nothing in this License authorizes any person subject to the jurisdiction of the United States to engage in any transaction or activity prohibited by the Regulations.

(b) Except as specifically and expressly authorized by the terms of this License, this License does not authorize the transfer of any blocked property or interest therein, the debiting of any blocked account, the entry of any judgment or order that effects a transfer of blocked property or an interest therein, or the execution of any judgment against any property or property interest which is blocked pursuant to any Executive order or Chapter V of Title 31 of the C.F.R. or the Trading With the Enemy Act of 1917 (TWEA), 50 U.S.C. App. 1 *et seq.*

(c) This License does not authorize entry into a settlement agreement or the enforcement of any lien, judgment, arbitral award, decree or other order through execution, garnishment, or other judicial proceedings, or any other means. Any such settlement agreement or enforcement action must be separately authorized by the Office of Foreign Assets Control.

**SECTION 4 – RECORDKEEPING AND REPORTING REQUIREMENTS:** (a) The Licensee shall keep a record of the transactions under this License. Such records shall be made available for examination upon demand for at least five years from the date of each transaction.

(b) In the event of litigation or similar proceedings described in 31 C.F.R. 501.605(a), other than proceedings to which the Office of Foreign Assets Control is a party, the Licensee is required to report by immediate telephone call or facsimile transmission to the Chief Counsel, Office of Foreign Assets Control (Tel: 202/622-2410; Fax: 202/622-1911), the scheduling of any hearing or status conference in legal proceedings whenever it appears that a court or decision-making body may issue an order or judgment or default judgment or is considering or may decide any pending request dispositive of the merits of the proceeding or of any claim raised in the proceeding. See 31 C.F.R. § 501.605 for additional requirements regarding reports on litigation, arbitrations and dispute resolution proceedings.

License No. CU-2013-303598-1            Page 3 of 3
Licensee: Debevoise & Plimpton LLP

**SECTION 5 – PRECEDENTIAL EFFECT:** The authorization contained in this License is limited to the facts and circumstances specific to the Application.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*