# EXHIBIT 27

# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NY 10178**

(212) 808-7800

WASHINGTON,DC
LOS ANGELES,CA
CHICAGO,IL
STAMFORD,CT
PARSIPPANY,NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

MICHAEL C. LYNCH
DIRECT LINE: (212) 808-5082
EMAIL: MLYNCH@KELLEYDRYE.COM

January 24, 2017

**VIA FEDERAL EXPRESS**

Departmental Offices
Disclosure Services
Department of the Treasury
Washington, DC 20220

Re:    <u>Freedom of Information Act Request No. 2016-01-157</u>

To Whom It May Concern:

We submit this appeal letter on behalf of Bacardi & Company, Limited and Bacardi U.S.A., Inc. (together, "Bacardi"). This letter serves as an administrative appeal due to the Treasury Department's excessive nearly one year delay in responding to Bacardi's FOIA Request No. 2016-01-157, resulting in a constructive denial of the same. If responsive documents are not produced immediately we will pursue legal action to enforce Bacardi's rights under FOIA.

On January 19, 2016 Bacardi submitted a Freedom of Information Act ("FOIA") request to the Office of Foreign Assets Control ("OFAC") for documents and information related to, *inter alia*, OFAC License No. CU-2015-323837-1 granted to Empresa Cubana Exportadora de Alimentos y Productos Varios ("Cubaexport") on or around January 11, 2016 which authorized Cubaexport to take certain actions with respect the HAVANA CLUB trademark, U.S. Reg. No. 1,031,651, as well as prior license applications by Cubaexport and related entities and related communications between OFAC and other departments and agencies. (Exhibit A, FOIA Request.) Notwithstanding numerous assurances to the contrary, to date, no documents have been produced. This nearly year-long delay is excessive, unreasonable, and constitutes a constructive denial warranting this appeal. OFAC should be ordered to produce all responsive documents immediately.

On February 12, 2016, OFAC contacted counsel for Bacardi and requested that we narrow the scope of the FOIA request by removing public records, court filings related to the trademark action, and attorney-client records. (Exhibit B, February 12, 2016 email.) At that time

**KELLEY DRYE & WARREN** LLP

Department of the Treasury
January 24, 2017
Page Two

the Treasury Department also invoked a ten day extension to Bacardi's request. Bacardi agreed to narrow its request in part. (Exhibit B.) Nevertheless, despite promises that documents would be forthcoming on a rolling basis, no documents were produced. Over a month later, the department again stated that it was "working diligently." (Exhibit C, March 31, 2016 email.) Bacardi regularly inquired into the status of the production, only to be met with further unwarranted and unexplained delays.

In June 2016, six months since the initial submission, Bacardi was notified that its request had moved into the "review phase" and that pursuant to the submitter notice process under 31 C.F.R. § 1.6, production of documents may be delayed an additional thirty days.  (Exhibit D, June 24, 2016 email.)  Months later, FOIA analyst Selena Robinson notified Bacardi that an initial batch of roughly 100 documents would be submitted for final review around October 28, 2016 and would eventually be produced to Bacardi in early November 2016.  However, as November came and went, OFAC failed to produce any documents.  In late November, 2016, Ms. Robinson advised that there was a set of processed documents awaiting further review in "Counsel's office" and she would check in on the status of that "first interim response." (Exhibit E, November 29, 2016 email.)  We have not heard from Ms. Robinson since, nor have we received any documents.

Under FOIA, an agency must determine within twenty days after receipt of a request whether to comply and shall *immediately* notify the requester of its determination.  *See* 5 U.S.C. 552(a)(6)(A)(i) (emphasis added).  This time period may be extended for no more than ten days. *See* U.S.C. 552(a)(6)(B)(i). Taking into account OFAC's ten day extension, Bacardi was owed a response on or about February 22, 2016.  Instead Bacardi was met with repeated unwarranted, unreasonable, and largely unexplained delays.  Courts have found that delays of less than a year violate FOIA.  *See Oregon Natural Desert Ass'n v. Gutierrez*, 409 F.Supp. 2d 1237, 1248 (2006) (holding that Defendant "responded well past the statutory time limits, with the first request extending from April 30, 2004 to a response on December 20, 2004."); *S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, No. CIVS-06-2845 LKK/JFM, 2008 WL 2523819, at *6 (E.D. Cal. June 20, 2008) (finding one, six, and ten month delays in responding to plaintiffs' FOIA requests unlawful.)  In the aforementioned cases, the agency in question had at least produced some documents to the requesting party.  Here, after nearly a year of largely unexplained delays, OFAC has not produced even a single document—despite promising to do so numerous times.  Additionally, in accordance with the submitter notice process, "a delay in responding to the request may be considered a denial of access to records and that the requester may proceed with an administrative appeal or seek judicial review, if appropriate." 31 C.F.R. 1.6(d)(2).  Thus, OFAC's failure to respond within the required time period, or even to its own 30-day deadline, amounts to a constructive denial of Bacardi's request.

Accordingly, Bacardi hereby appeals the constructive denial of its FOIA request and demands immediate compliance by the Department and OFAC.  The prompt resolution of this

**KELLEY DRYE & WARREN LLP**

Department of the Treasury
January 24, 2017
Page Three

FOIA request is particularly important to Bacardi given both its longstanding dispute concerning the HAVANA CLUB trademark and recent political developments. The documents requested by Bacardi are relevant to a pending litigation in the United States District Court for the District of Columbia against Cubaexport regarding its registration of the HAVANA CLUB mark. *See Bacardi & Co. Ltd et. al. v. Empresa Cubana Exportadora de Alimentos y Productos Varios et. al.,* Civil Action No. 04 CV 519 (EGS). This lawsuit had been stayed for almost a decade following the 2005 denial by OFAC of Cubaexport's license to renew its trademark which resulted in the United States Patent and Trademark Office ("PTO") declaring the mark expired/cancelled. Cubaexport then filed an administrative appeal with the Director of the PTO which remained pending since 2007. When OFAC reversed course (and fifty years of U.S. foreign policy) in January 2016 and purported to retroactively grant Cubaexport the license it had denied in 2005, the Director of the PTO finally acted on Cubaexport's appeal and retroactively renewed the trademark in a matter of days. These obviously highly coordinated agency actions led to the restoration of the DC litigation and are at the center of Bacardi's FOIA requests.

The excessive and unreasonable one-year delay by OFAC in producing documents, which amounts to a constructive denial, must come to an end. We ask that OFAC be ordered to produce records responsive to FOIA Case No. 2016-01-157 immediately and with no further delay. If all responsive documents are not produced by a date certain, Bacardi will seek court intervention.

Sincerely,

Michael C. Lynch

# Exhibit A

## KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NY  10178**

———

(212) 808-7800

WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

———

BRUSSELS, BELGIUM

———

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE

(212) 808-7897

www.kelleydrye.com


MICHAEL C. LYNCH

DIRECT LINE: (212) 808-5082

EMAIL: mlynch@kelleydrye.com

January 19, 2016

BY FIRST CLASS MAIL & E-MAIL

U.S. Department of Treasury
Office of Foreign Assets Control
FOIA & Transparency
Washington, D.C. 20220

Re:     *Freedom of Information Act ("FOIA") Request*

To Whom It May Concern:

　　Pursuant to the Freedom of Information Act ("FOIA"), we write to request the following information from the U.S. Treasury Department and/or its Office of Foreign Assets Control:

1.     All documents, communications, and files maintained by the U.S. Treasury Department or its Office of Foreign Assets Control ("OFAC"), including any communications concerning or involving the U.S. Patent and Trademark Office ("PTO"), U.S. Department of State, Executive Office of the President of the United States, the National Security Council, and/or any other third parties, including without limitation Pernod Ricard and its parents or affiliates ("Pernod"), Havana Club Holdings and its parents or affiliates ("HCH"), Havana Rum & Liquors and its parents or affiliates ("HRL"), relating to the request, issuance, or authorization of License No. CU-2015-323837-1 to Empresa Cubana Exportadora de Alimentos y Productos Varios and/or its parents, subsidiaries, affiliates, divisions, or agents ("Cubaexport"), which license was issued to Cubaexport on or about January 11, 2016.

2.     All documents, communications, and files relating to the application or request submitted by Cubaexport to the U.S. Treasury Department and OFAC on or about November 10, 2015, for a specific license relating to the renewal or maintenance of HAVANA CLUB trademark (U.S. Registration No. 1,031,651).

3.     All documents, communications, and files relating to the application or request submitted by Cubaexport to the U.S. Treasury Department and OFAC on or about April 7, 2006, for a specific license relating to the renewal or maintenance of HAVANA CLUB trademark (U.S. Registration No. 1,031,651), and OFAC's subsequent denial of said application or request.

KELLEY DRYE & WARREN LLP

January 19, 2016
Page Two

4.    All documents, communications, and files maintained by the U.S. Treasury Department or OFAC, including any communications concerning or involving the U.S. Patent and Trademark Office ("PTO"), U.S. Department of State, Executive Office of the President of the United States, the National Security Council, and/or any other third parties, including without limitation Pernod Ricard and its parents or affiliates ("Pernod"), Havana Club Holdings and its parents or affiliates ("HCH"), Havana Rum & Liquors and its parents or affiliates ("HRL"), relating to the application for renewal of U.S. Registration No. 1,031,651 to the PTO on or about December 13, 2005.

5.    All documents, communications, and files maintained by the U.S. Treasury Department or its Office of Foreign Assets Control ("OFAC"), including any communications concerning or involving the U.S. Patent and Trademark Office ("PTO"), U.S. Department of State, Executive Office of the President of the United States, the National Security Council, and/or any third parties, including without limitation Pernod Ricard and its parents or affiliates ("Pernod"), Havana Club Holdings and its parents or affiliates ("HCH"), Havana Rum & Liquors and its parents or affiliates ("HRL"), relating to the HAVANA CLUB trademark (U.S. Registration No. 1,031,651) from 2004 to present.

6.    All documents, communications, and files relating to Cubaexport's court action against the U.S. Treasury Department and Office of Foreign Assets Control ("OFAC") filed in the District Court for the District of Columbia in 2006 (Civ. No. 06-cv-01692) and Cubaexport's appeal brought in the United States Court of Appeals for the District of Columbia in 2009 Circuit (No. 09-5196).

7.    All documents, communications, and files relating to any applications, requests or inquiries by Cubaexport, Pernod, HCH, HRL, or any third party for a license from OFAC to authorize, permit or otherwise allow the transfer or assignment of the HAVANA CLUB trademark (U.S. Registration No. 1,031,651), from 1997 to present.

8.    All documents, communications and files relating to the bases, reasons, grounds and/or policy initiatives underlying or supporting OFAC's decision to grant License No. CU-2015-323837-1 to Cubaexport, including any communications or files concerning the Foreign Assistance Act of 1961, Trading with the Enemy Act of 1962, Cuban Democracy Act of 1992, and the Cuban Liberty and Democratic Solidarity ("LIBERTAD") Act of 1996, and/or Trade Sanctions Reform and Export Enhancement Act of 2000, and any regulations, rules, policies or guidance relating thereto.

*        *        *

**KELLEY DRYE & WARREN LLP**

January 19, 2016
Page Three


        We would like a copy of the records responsive to this FOIA request in electronic and/or
printed form.  The fee category for this FOIA request is "commercial."  We are not requesting a
waiver of fees and will agree to pay up to $300 or more, as may be necessary to fully comply
with this request.  Please send the records to my attention at:

        Michael C. Lynch
        Kelley Drye & Warren LLP
        101 Park Avenue, New York, New York 10178.

I can also be reached at 212-808-5082.  We look forward to your prompt response.

                        Sincerely,

                        Michael C. Lynch

# Exhibit B

**From:** Suden, Damon
**Sent:** Tuesday, February 16, 2016 12:32 PM
**To:** 'Marshall.Fields@treasury.gov'; Lynch, Michael
**Subject:** RE: Request for confirmation of narrowed scope of FOIA case 2016-01-157

Mr. Fields,

This confirms that your email accurately states our agreement.  Please let me know if you need any further information.

Thanks,
Damon

Damon Suden

Kelley Drye & Warren LLP
(212) 808-7586 | dsuden@kelleydrye.com

**From:** Marshall.Fields@treasury.gov [mailto:Marshall.Fields@treasury.gov]
**Sent:** Friday, February 12, 2016 12:44 PM
**To:** Suden, Damon <DSuden@KelleyDrye.com>; Lynch, Michael <MLynch@KelleyDrye.com>
**Subject:** Request for confirmation of narrowed scope of FOIA case 2016-01-157

Dear Mr. Suden:

Re:   FOIA #: 2016-01-157
      OASIS #: 819734

Thank you very much for getting back to me regarding our telephone call discussing the Freedom of Information Act (FOIA) request submitted by Mr. Michael Lynch. Mr. Lynch's request is for records related to Havana Club and the related trademark and patent action.

Because there appears to be a voluminous amount of records I requested that your firm consider removing from consideration the following types of records:

1. Public records such as press releases;
2. Documents filed with the court in cases related to the trademark action, and
3. Attorney Client records.

By return email to me please confirm, by close of business, Friday, February 19, 2016 that your law firm has determined to remove the following types of records as no longer responsive;

1. Press releases,

2. Court documents filed in cases related to the trademark action. For all court documents filed in litigation cases other than the District Court for the District of Columbia in 2006 (Civ. No. 06-cv-01692) and Cubaexport's appeal brought in the United States Court of Appeals for the District of Columbia in 2009 Circuit (No. 09-5196), you request that OFAC provide the appropriate citation to the court case such that Kelly Drye & Warren LLP can look up and obtain the records related to the court case.

With regard to attorney client records, you request that OFAC process these records in accordance with our normal FOIA processing requirements and the requester considers these records as responsive to the request.

Please be advised that this correspondence acts as OFAC's official acknowledgement of receipt of your FOIA request.

OFAC is experiencing a substantial backlog of FOIA requests that has adversely affected its response time; we may encounter some delay in processing your request.  Per Section 1.5(j) of the Treasury FOIA regulations, 31 C.F.R., Subtitle A, Part 1, Subpart A, the Department processes FOIA requests according to their order of receipt.  Although Treasury's goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10-day extension of this time period.  As the subject matter of your request is of substantial interest to two or more components of this Department or of substantial interest to another agency, we will need to consult with those entities before we issue a final response.  Due to these unusual circumstances, Treasury will invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. § 552(a)(6)(B).  If you care to narrow the scope of your request, please contact our office.  We will make every effort to comply with your request in a timely manner; however, there are currently 112 open requests ahead of yours.

For fee purposes, we have determined that, you are a "commercial" requester.  The FOIA, specifically 5 U.S.C. § 552(a)(4)(A), and Treasury FOIA regulations at 31 C.F.R. § 1.7, allow us to recover part of the cost of addressing your request.  As a "commercial" requester, you will be charged the full direct costs of searching for, reviewing, and duplicating the records sought.  Duplication will be assessed at 20-cents per page, and search and review time will be assessed at the salary rate(s) (basic pay plus 16 percent) of the employee(s) making the search and review.  You stated in your request that you are willing to pay assessable fees up to $300 or more. Please be advised that the cost of processing your request is likely to exceed $300. You will be contacted before any additional fees are accrued.

Your request has been assigned FOIA No.: 2016-01-157.  Please reference this number in any future correspondence.  If you have any questions regarding this matter, you may email us at OFACFOIAOffice@treasury.gov or contact the FOIA Requester Service Center at (202) 622-2500, option 3.

Sincerely,

*Marshall Fields*

Contact Information:
Marshall Fields
Assistant Director
Information Disclosure and Records Division
Office of Resource Management
Office of Foreign Assets Control
Department of the Treasury
    FOIA Requester Service Center
    (202) 622-2500, option 3
F: (202) 622-1657
Marshall.fields@treasury.gov

**Confidentiality Notice:**
    **This email may contain privileged, confidential and or law enforcement sensitive information which is exempt from disclosure under applicable law.  If you have received this communication in error, you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited.  If you have received this communication in error, please notify the sender.**

# Exhibit C

| | |
|---|---|
| **From:** | OFACFOIAOffice@treasury.gov |
| **Sent:** | Thursday, March 31, 2016 8:59 AM |
| **To:** | Suden, Damon |
| **Subject:** | RE: FOIA No.:  2016-01-157 |

Mr. Damon,

Please be advised that we are working diligently to process your request, however, your request is the search phase. We have met with the components within OFAC who are like to have responsive records and have asked them to push records forward as they are located. We will process records as we receive them from the components. If you have any questions, please feel free to contact the FOIA analyst directly at 202-622-2769, or Selena.robinson@treasury.gov.

Sincerely,

OFAC FOIA Office

---

**From:** Suden, Damon [mailto:DSuden@KelleyDrye.com]
**Sent:** Tuesday, March 29, 2016 2:43 PM
**To:** OFAC FOIA Office; Fields, Marshall Jr
**Subject:** FOIA No.: 2016-01-157


Mr. Fields,

Please advise on the status of FOIA request No. 2016-01-157.

Thank you,
Damon


Damon Suden
**Kelley Drye & Warren LLP**
101 Park Avenue, 27th Floor
New York, NY 10178
o: (212) 808-7586 | m: (917) 570-4458
dsuden@kelleydrye.com
Website


The information contained in this E-mail message is privileged, confidential, and may be protected from disclosure; please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this E-mail message in error, please reply to the sender.

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is

1

the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kelley Drye & Warren LLP for any loss or damage arising in any way from its use.

# Exhibit D

**From:**          Marshall.Fields@treasury.gov
**Sent:**          Friday, June 24, 2016 9:45 AM
**To:**            Suden, Damon; Lynch, Michael
**Subject:**       RE: FOIA case 2016-01-157

**Importance:**    High

Dear Mr. Suden,

Re: FOIA #: 2016-01-157
OASIS #: 851525

OFAC is in receipt of your status update request. As we informed you, OFAC generally processes its cases on a first-in-first-basis. There are still 80 FOIA cases ahead of your request. Even so, we have moved ahead on the search for responsive documents and have moved into the review phase of your request.

Because your request is for documents that contain the business information of another entity, OFAC must process the responsive records through its submitter notice process. Please see 31 C.F.R. §1.6. This process alone generally adds about 30 days to the review process. Please do not consider this a denial of your request, but notification of continued processing.

OFAC will continue to process your request as expeditiously as possible and we will accord you the same considerations we accord all of our requesters.

If you have any further questions or concerns, please feel free to contact me.

Sincerely,

Marshall Fields
Assistant Director
Information Disclosure and Records Division
Office of Resource Management
Office of Foreign Assets Control
U.S. Department of the Treasury

**Confidentiality Notice:**
**This email may contain privileged, confidential and or law enforcement sensitive information which is exempt from disclosure under applicable law. If you have received this communication in error, you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please notify the sender.**

**From:** Suden, Damon [mailto:DSuden@KelleyDrye.com]
**Sent:** Wednesday, June 22, 2016 10:41 PM
**To:** Fields, Marshall Jr; Lynch, Michael
**Subject:** RE: FOIA case 2016-01-157

Mr. Fields,

Can you please give us an update on this FOIA request? I understood that documents would be produced on a rolling basis. It has been quite a long time since we submitted the request and a month since we spoke on the phone and we still have not received any documents. Please advise.

Thank you,
Damon

**From:** Marshall.Fields@treasury.gov [mailto:Marshall.Fields@treasury.gov]
**Sent:** Wednesday, April 20, 2016 3:20 PM
**To:** Lynch, Michael <MLynch@KelleyDrye.com>; Suden, Damon <DSuden@KelleyDrye.com>
**Subject:** FOIA case 2016-01-157
**Importance:** High

Dear Mr. Lynch and Mr. Suden;

Could you provide me with your periods of availability tomorrow to further discuss your FOIA request? Our Counsel was out of the area when we initially spoke about your request and she would like to discuss an issue with you.

Sincerely,

Marshall Fields

Contact Information:
Marshall Fields
Assistant Director
Information Disclosure and Records Division
Office of Resource Management
Office of Foreign Assets Control
Department of the Treasury
FOIA Requester Service Center
(202) 622-2500, option 3
F: (202) 622-1657
Marshall.fields@treasury.gov

**Confidentiality Notice:**
**This email may contain privileged, confidential and or law enforcement sensitive information which is exempt from disclosure under applicable law. If you have received this communication in error, you are**

2

**hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please notify the sender.**

The information contained in this E-mail message is privileged, confidential, and may be protected from disclosure; please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this E-mail message in error, please reply to the sender.

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kelley Drye & Warren LLP for any loss or damage arising in any way from its use.

# Exhibit E

| | |
|---|---|
| **From:** | Selena.Robinson@treasury.gov |
| **Sent:** | Tuesday, November 29, 2016 10:39 AM |
| **To:** | Suden, Damon |
| **Subject:** | RE: 2016-01-157 |

Dear Mr. Suden,

Re: FOIA #: 2016-01-157

In response to your voicemail, I am diligently processing documents in response to your FOIA request. There is a set of processed documents pending review in Counsel's office. I will follow up with the reviewer today to see if they have completed their analysis/review of this first interim response. Thank you.

Sincerely,

Selena

**Selena G. Robinson**
FOIA Analyst
Information Disclosure and Records Management Division
Office of Resource Management
Office of Foreign Assets Control
U.S. Department of the Treasury
(O) 202-622-2769
(F) 202-622-6967

**Confidentiality Notice:**
**This email may contain privileged, confidential and or law enforcement sensitive information which is exempt from disclosure under applicable law. If you have received this communication in error, you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please notify the sender.**

1